[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15859
Non-Argument Calendar

_____

D. C. Docket No. 89-00074-CR-J-16-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY ROBINSON,
a.k.a. Dusty,
a.k.a. Darnley Wane Mathurin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 11, 2009)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Gregory Robinson appeals the denial of his motion to reduce his sentence. 18 U.S.C. § 3582(c)(2). Robinson argues that he is eligible for a sentence reduction under Amendment 706 and his sentence is unreasonable. Although the district court erred by ruling that it lacked jurisdiction to modify Robinson's sentence, the error was harmless because the district court ruled alternatively that Robinson's sentence should not be reduced. We affirm the denial of Robinson's motion.

We review "de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008) (per curiam). A district court may reduce a term of imprisonment when the guideline range is lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). When the district court recalculates the sentence under the amended guidelines, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). The district court must decide, in the light of the statutory sentencing factors, 18 U.S.C. § 3553(a), "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." Bravo, 203 F.3d at 781. We will not reverse based on an error that is harmless.

2

See United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006).  We review the reasonableness of the sentence imposed for an abuse of discretion.  Gall v. United States, 128 S. Ct. 586, 597 (2007).

The district court erred when it refused to modify Robinson's sentence based on its finding that he was responsible for more than 4.5 kilograms of cocaine base.  At Robinson's original sentencing hearing, the district court found that Robinson's "offense behavior involved in excess of five hundred grams of cocaine base."  The district court cannot later revise that finding based on its recollection of the evidence.  See Bravo, 203 F.3d at 781; United States v. Cothran, 106 F.3d 1560, 1562–63 (11th Cir. 1997).

We need not reverse the denial of Robinson's motion because we can say "'with fair assurance . . . that the sentence was not substantially swayed by the error.'"  United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (per curiam) (quoting United States v. Hornaday, 392 F.3d 1306, 1315–16 (11th Cir. 2004).  The district court stated that even were it "to find that [it] did have jurisdiction to reduce [Robinson's] offense or his sentence," the court "would let life remain as [Robinson's] sentence."  The district court applied the new guideline range of 360 months to imprisonment for life, "considered all of the factors in section 3553(a)(1) through 7," and explained that a sentence of life imprisonment

3

was necessary to address Robinson's recidivism, "several disciplinary problems while he's been incarcerated," and future dangerousness.  18 U.S.C. § 3553(a); Gall, 128 S. Ct. at 597.  Robinson's sentence is reasonable.

The order denying Robinson's motion to modify his sentence is

**AFFIRMED**.