[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 27, 2010
JOHN LEY
ACTING CLERK

_____

No. 09-12747
Non-Argument Calendar

_____

D. C. Docket No. 90-00201-CR-J-20-HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELIUS FITZGERALD NELSON,
a.k.a. Manns Collins,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 27, 2010)

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Cornelius Fitzgerald Nelson, a federal prisoner convicted of one

count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846, through counsel, appeals the district court's denial of his motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706. The district court denied Nelson's motion because he had been held accountable for more than 4.5 kilograms of cocaine base.

Nelson argues that the quantity of crack cocaine for which he was held responsible at sentencing was ambiguous because the district court made no specific finding as to the exact quantity. Nelson points out that the district court's factual finding that the quantity was 500 grams or more, which was sufficient to trigger a base offense level of 36, the highest offense level for crack cocaine at that time, was not necessary because it would not have changed his base offense level. Nelson contends that his case is analogous to *United States v. Robinson*, 325 Fed. App'x 876 (11th Cir.), *cert. denied*, 130 S. Ct. 478 (2009),  and, the claims that the rule of lenity should apply to resolve the drug quantity ambiguity in his favor.

Alternatively, Nelson argues the following for preservation purposes: (1) that he should receive a sentence reduction because the unwarranted disparities created by the unequal application of § 3582 violate the Equal Protection and Due Process Clauses; and (2) the district court has authority under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and *Kimbrough v.*

*United States*, 552 U.S. 85, 128 S. Ct. 558, 169L. Ed. 2d 481 (2007), to consider him for relief pursuant to § 3582 because the sentencing guidelines are now advisory.

The government agrees that the district court erred in ruling that Nelson was ineligible for a reduction. However, even where the government concedes error, "[w]e are not required to accept such a concession when the law and record do not justify it." *United States v. Linville*, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000).

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines reduced base offense levels for crack cocaine offenses. *Jones,* 548 F.3d at 1368. However, Amendment 706 does not apply to reduce a defendant's base offense level where more than 4.5 kilograms of cocaine base are involved. *Id.* at 1369. Furthermore, neither *Booker* nor *Kimbrough* "prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2)." *United States v. Melvin*, 556 F.3d 1190, 1192 (11th Cir.), *cert. denied*, 129 S. Ct. 2382 (2009).

3

We held in *United States v. Davis*, 587 F.3d 1300, 1302-04 (11th Cir. 2009), that even when a sentencing court fails to state on the record the amount of drugs for which the defendant was held accountable, its adoption of the uncontested factual findings in the presentence investigation report (PSI) is sufficient to hold the defendant accountable for the specific amount of drugs noted in the PSI.

We conclude from the record here that the district court did not have the authority to reduce Nelson's sentence because Amendment 706 did not change his guideline range. Nelson's remaining arguments are foreclosed by our binding precedent. Accordingly, we affirm the district court's order denying Nelson a sentence reduction.

**AFFIRMED.**